THE WHITE CORBIN & COMPANY, Respondent, v. WILLIAM MARTIN JONES, Appellant.

1. CORPORATIONS — STOCK NOT FULLY PAID — LIABILITY OF PURCHASER. A purchaser of stock in a corporation, organized under chapter 40 of the Laws of 1848 and amendments thereto, before a certificate that the stock has been fully paid is made and recorded, and when the stock has not been fully paid because of the overvaluation of property which had been taken in payment therefor, is liable to creditors of the company under section 10 of that act for an amount equal to the amount of his stock, although he bought the stock without knowing of the overvaluation.

2. SUBSEQUENT ASSESSMENT TO COMPLETE PAYMENT. An assessment on the stockholders of the corporation to an amount equal to the overvaluation of property which had been taken in payment for stock, although made after the expiration of the two years within which the payment for the stock was required under section 10 of chapter 40 of the Laws of 1848, will cure the defect caused by such overvaluation as to all creditors whose claims thereafter accrue.

*White Corbin & Co.* v. *Jones*, 45 App. Div. 241, reversed.

(Argued April 3, 1901; decided May 14, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 1, 1899, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William F. Cogswell* and *W. Martin Jones* for appellant. A purchaser of stock in a corporation made in good faith without knowledge on his part that there has been any fraud perpetrated in the organization of such corporation, is not liable as such stockholder for the debts of the corporation because of any fraud in its incorporation. (Beach on Priv. Corps. 248, § 131c; Cook on Corps. § 50; *Rood* v. *Whorton*, 67 Fed. Rep. 434; *Coleman* v. *Howe*, 154 Ill. 458; *Young* v. *Erie Iron Co.*, 65 Mich. 111; *Waterhouse* v. *Jamieson*, L. R. [2 H. L.] 29; *Brandt* v. *Ehlen*, 59 Md. 1; *Steacy* v. *L. R. R.*

*R. Co.*, 5 Dillon, 348.) An innocent purchaser of stock in a corporation which is represented by the vendor, and the certificate thereof to be full paid and non-assessable, acquires a vested interest therein free from the consequences of any fraud perpetrated by the incorporators, and he cannot be required under any law of the land to pay penalty for another's fraudulent conduct. (*People ex rel. v. Bd. of Suprs.*, 4 Barb. 64; *People* v. *Platt*, 17 Johns. 195; *Benson* v. *Mayor, etc.*, 10 Barb. 223; *The Binghamton Bridge*, 3 Wall. 51; *People ex rel. v. Otis*, 90 N. Y. 48; *White* v. *White*, 5 Barb. 474; *Rowell* v. *Janvrin*, 151 N. Y. 60.)

*James Breck Perkins* for respondent. The claim of the appellant that he did not participate in the overissue of stock, and had no notice thereof when he became a stockholder, if true, is immaterial; he is not exempt from the operation of the statute. (*Seymour* v. *McKinstry*, 106 N. Y. 230; *Gamble* v. *Queens Co. W. Co.*, 123 N. Y. 91; *Nat. Tube W. Co.* v. *Gilfillan*, 124 N. Y. 302; *Schenck* v. *Andrews*, 57 N. Y. 133; *Briggs* v. *Cornwell*, 9 Daly, 439; *Briggs* v. *Waldron*, 83 N. Y. 582; *McDowall* v. *Sheehan*, 129 N. Y. 200; *Herbert* v. *Duryea*, 34 App. Div. 479.)

HAIGHT, J. This action was brought by the plaintiff, as a judgment creditor of the Rochester Lithographing and Printing Company, a corporation organized under chapter 40 of the Laws of 1848 and amendments thereto, to recover of the defendant, a stockholder, upon the ground that the capital stock of the corporation had not been fully paid in.

The corporation was organized on the 5th day of May, 1887, with a capital stock fixed at $50,000, divided into five hundred shares of one hundred dollars each. The defendant was not an original stockholder, but in February, 1888, he purchased stock from one of the stockholders of the corporation and thereby became a member of the company. On the 28th of April, 1889, a certificate was filed in the office of the clerk of the proper county to the effect that the capital stock

of the company had been fully paid, and this certificate was duly recorded as required by the statute. Subsequently, and in December, 1889, an assessment was levied upon the stock of the corporation, from which the sum of $6,500 was collected and paid into the treasury of the company. The plaintiff's claim was contracted thereafter. It appears that before the organization of the corporation there was in existence a firm known as Willard, Pitt & Moore, engaged in the lithographic business in Rochester, and also another firm known as Goble & Vredenburg, engaged in the printing business. Each of these firms had plants, machinery, stock and property for the conduct of their business. These firms arranged to consolidate and organize a corporation. The Rochester Lithographing Company was thereupon organized and the property of these companies was sold to the corporation for the stock issued by it, and the claim is that the plants and machinery of the two companies were put into the corporation at an overvaluation, and that by reason of such overvaluation the capital stock had never been fully paid.

The evidence upon the trial was of such a character that the jury might have found that the overvaluation did not exceed the sum of $6,500. At the conclusion of the evidence the court charged the jury, among other things, that " In my view of the statute, gentlemen, it makes no difference with the liabilities of the defendant whether he knew of this overvaluation or not. If, as matter of fact, there was an intentional and substantial overvaluation of this property by these trustees at the time when these transfers were made, which was done for the purpose of evading the terms and provisions of the statute, then, unless the error was substantially corrected by such a payment as would make up the difference, the liability of the defendant as well as of any other stockholder attached without regard to the knowledge which he or they might have had of that transaction. It is due, however, to the defendant to say that it is not charged that he had any personal part in this transaction. The corporation, as you will remember, was formed in May, 1887. He did not become

a member until February, 1888." The court was then asked by the defendant to charge the jury " that if they shall find from the evidence in this case that there was a substantial overvaluation of the property which was transferred by Goble and Vredenburg and by Pitt to the corporation, and that that overvaluation did not exceed $6,500, and shall find that the stockholders of the corporation subsequently paid into it $6,500 as an assessment upon their stock for the promotion of its business, that such payment cured the error of which the trustees had been guilty in taking the property at such overvaluation." This request was refused. An exception was taken by the defendant to the charge as made and also to the refusal to charge as requested.

The statute under which the Rochester Lithographic and Printing Company was organized provides as follows :

" § 10. All the stockholders of every company incorporated under this act, shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section ; and the capital stock, so fixed and limited, shall all be paid in, one-half thereof within one year, and the other half thereof within two years from the incorporation of said company, or such corporation shall be dissolved.

" § 11. The president and a majority of the trustees, within thirty days after the payment of the last installment of the capital stock, so fixed and limited by the company, shall make a certificate stating the amount of the capital so fixed and paid in ; which certificate shall be signed and sworn to by the president and a majority of the trustees ; and they shall, within the said thirty days, record the same in the office of the county clerk of the county wherein the business of the said company is carried on."

The provisions of the statute are very broad. They in

terms cover all the stockholders of the corporation, and they are made severally and individually liable to the creditors until the capital stock is paid in, and a certificate by the president and a majority of the trustees is made and recorded in the office of the clerk of the county. We incline to the view that persons contracting with a corporation, by which they give credit to it, have the right to rely upon the liability of all the stockholders, and not a portion thereof, until the certificate is given; and that persons becoming stockholders before the stock is paid in, and a certificate given, must be understood as contracting that they will be personally liable to creditors to an amount equal to the stock held by them until the terms of the statute are fulfilled. It may be very different with persons who have acquired stock in a corporation after the certificate has been made and recorded. As to such persons they may have the right to rely upon the truthfulness of the certificate, and, possibly, they do not become liable under the provisions of this statute; but the defendant acquired his stock before the certificate was made and recorded, and although he may not have known of the overvaluation, we think he became bound under the terms of the statute and that the charge as made was correct.

We, however, have difficulty with the exception taken to the refusal to charge as requested. Assuming that there had been an overvaluation, and that there had subsequently been an assessment paid in by the stockholders of an amount equal to such overvaluation, it appears to us that the defect was cured as to all creditors whose claims thereafter accrued. If this is not so, we know of no way in which the stockholders of a corporation could relieve themselves from the liability created by the misconduct of the original trustees, even though the offending stockholders had ceased to be members of the corporation and their stocks had been acquired by innocent purchasers for value. It is said that the assessment was not made for the purpose of completing the payment of the capital stock left unpaid in consequence of the overvaluation of the property purchased. It was made, as we understand, for

the purpose of increasing the amount of money in the treasury of the corporation. This, of necessity, had the effect to increase the cash capital of the company, and if it equalled the amount of the capital stock unpaid it is not apparent how it could be thereafter claimed that the stock had not been paid for in full. Nor do we think that the postponement of the assessment until after the expiration of two years from the organization of the corporation affects the question. The attorney-general might have instituted proceedings to dissolve the corporation, but he did not, and he is not here complaining of the action taken by the corporation. The purpose of the statute was the protection of creditors, and it is not apparent how an earlier payment would have proved a greater protection than the payment as made to the subsequent creditors. We, consequently, are of the opinion that the requests should have been charged.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Parker, Ch. J., Gray, O'Brien, Landon and Cullen, JJ., concur; Werner, J., not sitting.

Judgment reversed, etc.